UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OLUSOJI MICHAEL AGBOOLA, | Civil No. 06-596 (RHK/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LARRY REED, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking a judgment against the attorney who represented him in his federal criminal case. He did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application and noted that (i) the application was incomplete because it did not include current certified prisoner trust account information, as required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by this Court's order of

February 16, 2006. (Docket No. 3.) That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that includes the requisite certified trust account information, <u>and</u> (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee – nor has he offered any excuse for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he commenced this action. Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). <u>See</u> <u>also</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 17, 2006

                                                  s/Jeanne J. Graham

                                                  JEANNE J. GRAHAM
                                                  United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 5, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.